IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES SULLIVAN, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | 7:13-cv-1275-LSC |
| ) | |
| PJ UNITED, INC. and DOUGLAS ) | |
| STEPHENS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

Before the Court is Defendants' motion to stay the trial of the pending action until completion of arbitration on a single claimant basis. (Doc. 10.) The issues have been fully briefed and are ripe for review. For the reasons stated below, Defendants' motion is due to be granted in part and denied in part.

I.  **Background**

Plaintiff filed the above-entitled action, alleging violations of his rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. (Doc. 1.) Defendants moved to stay trial of the action pending the results of arbitration. (Doc. 10.) Defendants produced a copy of an arbitration agreement requiring arbitration of most

legal claims and containing a statement that Plaintiff agrees to submit his claims to arbitration as an individual, not a collective, claim.[1]

## II.  Analysis

The parties agree that Sullivan's claims should be submitted to binding arbitration. The only source of disagreement is whether the provision barring any collective action is a matter for this Court or a matter for the arbitrator. The Court determines that interpretation of the collective action waiver provision is a question for the arbitrator.

The Federal Arbitration Act provides that arbitration agreements involving interstate commerce are generally valid and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has interpreted this provision to be a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983). However, there is an exception to this presumption favoring arbitration when there is a question of "arbitrability." Questions of arbitrability are presumptively decided by the courts

---

[1] The arbitration agreement states that claims for benefits under a program providing its own arbitration procedure, statutory workers compensation claims, and unemployment insurance claims are the "only claims or disputes not subject to arbitration." (Doc. 10-1 at 8.)

and not arbitrators. *AT&T Techs., Inc. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1418 (1986).

The Court has construed arbitrability to include "narrow circumstance[s] where contracting parties would likely have expected a court to have decided the gateway matter." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S. Ct. 588, 592 (2002). Neither the Supreme Court nor the Eleventh Circuit has determined whether a collective action waiver is an arbitrability issue. *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n. 2 (2013); *see also S. Commc'ns. Servs., Inc. v. Thomas*, 720 F.3d 1352, 1359 n. 6 (11th Cir. 2013).

Arbitrability issues for the court traditionally arise when parties disagree on whether an arbitration clause is enforceable against them. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947, 115 S. Ct. 1920, 1925 (1995) (finding that courts had power to determine arbitrability when party argued they were not subject to arbitration agreement because they did not sign it); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-547, 84 S. Ct. 909, 912-913 (1964) (determining that court must decide whether arbitration provision in collective bargaining agreement survived a subsequent merger). The parties here agree that there is an enforceable arbitration agreement because Plaintiff has agreed to submit his claims to arbitration.

Thus, the arbitrator must decide whether the collective action waiver applies in this case. "Once it is determined...that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc.*, 376 U.S. at 557, 84 S. Ct. at 918. The collective action waiver in this agreement becomes a procedural issue where the arbitrator must decide how the claims are to proceed through the arbitration system. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-453, 123 S. Ct. 2402, 2407 (2003).

This Court must limit its decision to "such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003) (internal quotations omitted). When the parties agree that the underlying claim should be resolved in arbitration, it is the better procedure for the arbitrator to rule on any additional issues. *See Pedcor Mgmt. Co. Welfare Benefit Plan v. Nations Pers. of Texas, Inc.*, 343 F.3d 355, 360 (5th Cir. 2003) ("[I]f the arbitration provision clearly did forbid class arbitration, then the arbitrators could-and under *Green Tree* should-make this call without any prior analysis by a court.").

Defendants contend that denial of this motion will deprive it of its contractual

rights. However, both arbitrators and the courts share the burden of protecting the contractual rights of the parties. *Stolt-Nielsen, S.A. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 682, 130 S. Ct. 1758, 1773-1774 (2010). Both parties receive the benefit of their bargain by having the case submitted to arbitration where Defendants may ask the arbitrator to enforce the collective action waiver, and the arbitrator is well-positioned to evaluate the contract, the arguments of the parties, and decide the issue. In making its decision, the Court is not casting doubt on the validity of the collective action waiver provision. Instead, it is merely determining that arbitration is the appropriate forum to enforce that provision. *See Pedcor*, 343 F.3d at 360.

Finally, the Court notes that nothing in the arbitration agreement rebuts the presumption that the arbitrator is to decide the collective action waiver. The waiver itself neither states that the Court must decide its applicability nor indicates that it is an arbitrability question. Moreover, the agreement expressly conveys jurisdiction to the arbitrator "to hear and rule on pre-hearing disputes." (Doc. 10-1 at 8.) This provides the arbitrator with an opportunity to resolve procedural questions such as the availability of class arbitration in light of the waiver clause. Thus, the waiver provision should be interpreted by the arbitrator.

**III. Conclusion**

For the reasons stated above, Defendants' motion to stay trial pending arbitration is due to be granted. However, the Court will deny Defendants' motion insofar as Defendants request that the Court order Plaintiff to pursue arbitration only on a single claimant basis.

A separate order will be entered.

Done this <u>10th</u> day of <u>September 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256