IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 7:13-cv-01275-LSC |
| ) | |
| PJ UNITED, INC. AND ) | |
| DOUGLAS STEPHENS, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STRIKE CONSENTS AND TO DISMISS ALL DEFENDANTS OTHER THAN PJ UNITED, INC.

### Introduction

James Sullivan commenced this civil action on July 9, 2013 by filing a Complaint in which he stated an individual claim for relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, against PJ United, Inc. ("PJ United") and Douglas Stephens ("Stephens"). (Doc. 1). Sullivan filed the action as a purported representative of similarly situated employees under Section 216(b) of the FLSA. Also on July 9, 2013, Sullivan filed in this action a consent to be a party plaintiff in this action, but he limited his consent to seeking unpaid wages against one defendant—PJ United. (Doc. 1-1). Sullivan has filed no other consent in this civil action. For "similarly situated" purposes, Sullivan's FLSA

1

situation in this civil action is a party plaintiff seeking unpaid wages only against PJ United.

On August 16, 2016, Sullivan's counsel of record in this civil action filed a First Amended Complaint (Doc. 58). On the same day, Sullivan's counsel of record in this civil action filed approximately 770 Consent to Join forms that bear the case style American Arbitration Association Case Number 30 2013 000597 ("the Arbitration Consents"). (Docs. 58-1 through 58-4). The Arbitration Consents i) do not authorize Sullivan's lawyers in this action to represent them in this action or any other action,[1] ii) do not authorize the filing by anyone of a consent to become a party plaintiff in this action, and iii) do not evidence a consent to become a party plaintiff in this civil action or to be bound by a judgment of this Court. The First Amended Complaint adds additional defendants; no originally named defendant is renamed, and no new defendant is substituted for an original defendant. Sullivan states no new claim against any party in his First Amended Complaint.

Defendants PJ United and Stephens move this Court (i) to strike the Arbitration Consents; (ii) to strike any consent through which any such consenting person seeks to be a party plaintiff in this action with regard to any FLSA claim for

---

[1] The Arbitration Consents limit attorney representation to the private arbitration.

unpaid wages against any defendant other than PJ United; iii) to strike any consent that is time-barred by the FLSA; and (iv) to dismiss all defendants except PJ United.  To the extend PJ Cheese, Inc. ("PJ Cheese"), PJ Louisiana, Inc. ("PJ Louisiana"), PJ Chippewa LLC ("PJ Chippewa"), Ohio Pizza Delivery Co. ("Ohio Pizza Delivery"), and/or PJ Utah LLC ("PJ Utah") is a defendant in this civil action, each such defendant joins in this motion.

Movants believe that the only FLSA party plaintiff to this civil action is James Sullivan and that the only FLSA defendant should be PJ United.  Movants also believe that each person who signed an Arbitration Consent filed herein has agreed to arbitrate[2] in substantially the same manner that Sullivan agreed to arbitrate as reflected in Doc. 10 and exhibits thereto. By filing this pleading, no defendant named in the First Amended Complaint intends to litigate rather than arbitrate with James Sullivan or any person who is or may become a party plaintiff in this civil action.  To avoid waste of resources, movants seek through this motion a determination of who the parties to this civil action are/will be prior to asserting their right to seek an order compelling arbitration in accordance with arbitration agreements under the Federal Arbitration Act ("FAA"), 9 U.S.C. Section 1 *et seq*.

---

[2] Each person who signed an Arbitration Consent must have agreed to arbitrate or the Arbitration Consent in that private arbitration would have been a facial nullity.  Each person who signed an Arbitration Consent must be estopped from denying that he/she agreed to arbitrate with each respondent named in the arbitration case style appearing on the Arbitration Consent.

Argument

1. <u>Sullivan Has Commenced An FLSA Action Only Against PJ United</u>.

   a. <u>FLSA Claims Are Prescriptive</u>.

Rules 1-3 of the Federal Rules of Civil Procedure provide: "These rules govern the procedure in all civil actions and proceedings in the United States district courts … . There is one form of action—the civil action. A civil action is commenced by filing a complaint with the court."

Section 216(b) of the FLSA establishes the exclusive method by which a person may become a "party plaintiff" in a civil action to recover FLSA liability (unpaid minimum wages, liquidated damages, etc.) by providing:

> **An action** to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any **such action** unless he gives his consent in writing to become such a party and such consent is filed in **the court** in which **such action** is brought. **The court in such action** shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of **the action**. [3]

---

[3] Section 216(b) does not provide for the shifting of a party's expert witness fees. *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

29 U.S.C.A. § 216(b) (emphasis added).  Under Section 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent."  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

The FLSA establishes an explicit limitation on the time within an action may be commenced by providing:

> **(a)** if the cause of action accrues on or after May 14, 1947—[an action] **may be commenced within two years after the cause of action accrued**, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, **except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued**;
> …

29 U.S.C.A. § 255 (emphasis added).  Typically, individual causes of action arise with the issuance of each nonconforming paycheck.  *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir.1994).

The FLSA also establishes for statute of limitations purposes the commencement date of an action for both named party plaintiffs and consenting party plaintiffs:

> In determining when **an action** is commenced for the purposes of section 255 of this title, **an action** commenced on or after May 14, 1947 under the Fair Labor Standards Act … shall be considered to be commenced on the date when **the complaint** is filed; **except that in the case of a collective** or class **action instituted under the Fair Labor Standards Act** of 1938 … [the action] shall be considered to be commenced in the case of any individual claimant--
>
> **(a)** on the date when **the complaint** is filed, if he is specifically named as a party plaintiff in the complaint **and** his written consent to become a party plaintiff is **filed on such date** in **the court** in which **the action** is brought; or
>
> **(b)** if such written consent was not so filed or if his name did not so appear--**on the subsequent date** on which such written consent is filed **in the court in which the action was commenced**.

29 U.S.C.A. § 256 (emphasis added).

In enacting the FLSA, Congress made no provision or exception for private arbitration contracts or private arbitration proceedings.  In enacting the FAA, Congress made no provision for persons to "opt-in" as claimants to private arbitration proceedings and made no provision for the preservation of FLSA rights or limitations pending a private arbitration.

      b.    <u>Sullivan's Only Consent Was Filed in 2013 Against PJ United</u>.

This action was commenced on July 9, 2013 when James Sullivan, the only named plaintiff, filed a Complaint seeking unpaid wages under the FLSA and related relief.  (Doc. 1).  The Complaint names PJ United, Inc. and Douglas Stephens as the only defendants.  (Doc. 1).  On the date on which Sullivan filed the

6

Complaint, he filed a document styled "Consent to Become a Party Plaintiff" ("Sullivan's Consent"). (Doc. 1-1). Sullivan's Consent establishes the extent of his statutory consent by stating: "I hereby consent to be a party plaintiff seeking unpaid wages against PJ United, Inc." (Doc. 1-1). The July 9, 2013 consent is the only consent that Sullivan has filed in this civil action.

Applying the FLSA's restrictions on commencing an action to the single consent Sullivan has filed in this civil action in which he consented to seek unpaid wages against PJ United only, PJ United is the only proper party defendant. All other named defendants are due to be dismissed for Sullivan's failure to state a claim upon which relief can be granted (and, circuitously, because Sullivan has not given this Court his consent to adjudge an FLSA claim as to any other named defendant).

2. <u>Arbitration Garnered Limited Consents to Join the Arbitration</u>.

Subsequent to the filing of his Complaint, PJ United, Stephens, and PJ Cheese initiated arbitration with Sullivan with regard to his FLSA claim. The arbitration was initiated pursuant to a private arbitration agreement that Sullivan entered into in conjunction with his employment with PJ Cheese. (Doc. 10-1). The arbitration was initiated when PJ United, Stephens, and PJ Cheese filed a demand for arbitration with the American Arbitration Association, which commenced arbitration case number 30 2013 000597.

During the course of the arbitration, the arbitrator granted Sullivan's request (over the arbitration Respondents' objections) to send notice of the arbitration to a class of then-current and former employees of PJ Cheese, PJ Louisiana, PJ Chippewa, Ohio Pizza Delivery, and PJ Utah[4]. Sullivan proposed a form of a notice. In approving the proposed notice ("Notice") by issuing a Fourth Interim Order, the arbitrator stated:

> The Arbitrator agrees with Respondents that in the circumstances of the present case, "arbitration" is more accurate than "lawsuit." The Arbitrator has therefore changed "lawsuit" to "arbitration" where the former appeared in Claimants' proposed Notice.

(*See* Fourth Interim Order, p. 2).

The Notice notified each recipient that the recipient had "been identified as a person **potentially** eligible to join **this arbitration**." Under a heading styled "Your Legal Rights and Options in **This Arbitration**," the Notice stated:

> If you choose to be included **in this case**, you have the possibility of getting money or benefits from a trial or a settlement of the federal wage and hour claim, and you give up any rights to separately sue Respondents about the same claim in this arbitration. <u>If you wish to be included, you must complete the Consent to Join form at the end of this Notice</u>. If you choose not to join **this arbitration**, you will not be affected by any judgment or settlement rendered **in this arbitration**, whether favorable or unfavorable to the class.

The Notice further notified each recipient:

---

[4] PJ United has no employees to whom Notice could have been sent.

8

> You have legal rights and **options** that you may exercise **in this case**. The arbitration is titled *Sullivan v. PJ United, Inc. et al.*, Case No. 30 2013 000597, and is **filed in the American Arbitration Association**. …. If you choose to join **this arbitration**, and are **ultimately determined** by the Arbitrator **to be a Class Member**, you will be bound by any ruling, settlement or judgment. … By joining **this arbitration**, you designate the named Claimant as your representative, and to the fullest extent possible, to make decisions on your behalf concerning **this case**, the method and manner of conducting **the case**, the entering of an agreement with Claimants' counsel regarding payment of attorneys' fees and costs, the approval of settlements, and all other matters pertaining to **this case**. … If you choose not to join **this arbitration**, you will not be directly affected by any ruling, judgment or settlement, whether favorable or unfavorable. **You should be aware** that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, and delay in joining this case, or **proceeding separately**, may result in some or all of your claims expiring as a matter of law. … Enclosed is a form called "Consent to Join." If you choose to join **this arbitration**, it is extremely important that you read, sign and promptly return the Consent to Join Form. … If your signed Consent to Join Form is not postmarked or emailed by March 15, 2016, you may be prohibited from participating in **this case**. … If you choose to opt-in to **the arbitration** you will be represented by Rick Paul and Jack McInnes of Paul McInnes LLP, Mark Potashnick of Weinhous & Potashnick, and William Bross of Heninger Garrison Davis, LLC. … If you have any questions or require additional information, please contact any of the following individuals who are counsel to Claimants in **this arbitration**. … Jack McInness … Mark Potashnick.

(*See* Fourth Interim Order) (emphasis added). Thus, the Notice recipients had fair notice in the Notice form substantially proposed by Sullivan and his counsel, of the possibility that joining the arbitration would not result in a final determination of rights, that statute of limitations issues should be considered, that each recipient

could elect to pursue an individual claim, and that those who joined the arbitration would be represented by counsel.

The arbitrator also approved a Consent to Join form to be sent with the approved Notice. The Consent to Join form contains the arbitration case style, American Arbitration Association Case No. 30 2013 000597, and states:

CONSENT TO JOIN

…

I hereby consent to seek unpaid wages against PJ United, Inc., PJ Cheese, Inc., PJ Louisiana, Inc., PJ Chippewa, LLC, Ohio Pizza Delivery, Inc., PJ Utah, LLC and Douglas Stephens in this or any subsequent action. I designate the Named Claimant(s) to make all decisions on my behalf concerning the method and manner of conducting [AAA Case No. 30 2013 000597] including settlement, the entering of an agreement with Claimants' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to **this lawsuit**[5]. For purposes of **this lawsuit**, I choose to be represented by Paul McInnes LLP, Weinhaus & Potashnick, Heninger Garrison Davis, LLC and other attorneys with whom they may associate.

(emphasis added). A copy of the Fourth Interim Order is attached hereto as Exhibit 1. The consent form addressed above was not attached to the Fourth Interim Order. The Consent to Join Form provided a space for the form to be dated and signed.

---

[5] Based on the determination that the phrase arbitration was more appropriate than lawsuit, the use of the word lawsuit would appear to be a scrivener's error.

10

The Consent to Join form contains no language that would express consent to be a party plaintiff in this civil action, which preceded the arbitration; nor does the Consent to Join form authorize any listed law firm or attorney associated with any listed law firm to represent any consenting recipient in this civil action or to file a consent to be a party plaintiff in this civil action on behalf of the party that consented to join the private arbitration proceeding.  The undersigned doubts that Sullivan's counsel in the arbitration may ethically communicate with those who signed an Arbitration Consent or otherwise solicit consents from people to become a party plaintiff in this civil action.

Each Arbitration Consent filed in this civil action without the authority to file each Arbitration Consent must be struck, and there is no record evidence that the attorneys who filed each Arbitration Consent in this civil action were authorized to do so.

3. <u>Sullivan's First Amended Complaint Does Not Relate Back to the Filing of the Complaint</u>.

Rule 15 of the Federal Rules of Civil Procedure provides:

**(c) Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.* **An amendment to a pleading relates back to the date of the original pleading when**:

**(A) the law that provides the applicable statute of limitations allows relation back**;

11

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment **changes the party** or **the naming of the party** against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15 (emphasis added).

The FLSA makes no provision for the relation back of an amendment to a complaint within the meaning of Rule 15(A). It provides quite the opposite in that the commencement date of the action is measured from the date each consent is filed instead of the commencement date of the action; even if a party is named as a plaintiff, the measuring date is determined from the date the consent is filed, and a consent filed by a named plaintiff after the filing date of the complaint does not relate back to the complaint's filing date.

Sullivan's First Amended Complaint does not change the parties or the naming of the parties named in the Complaint, and it does not change the claim asserted. The First Amended Complaint simply adds PJ Cheese, PJ Louisiana, PJ

Chippewa, Ohio Pizza Delivery, and PJ Utah as defendants (Doc. 58); the First Amended Complaint names PJ United and Douglas Stephens in exactly the same fashion as they are named in the Complaint. *Cf.* Doc. 1 and Doc. 58. "The relation-back doctrine does not apply in instances where a plaintiff attempts to join entirely new defendants in addition to existing defendants. *Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654, 661 (M.D. Ala. 2015).[6]

Moreover, Sullivan has never filed in this civil action a consent to be a party plaintiff, or to be bound by a judgment with regard to, a claim against any of the

---

[6] Courts adopting this interpretation therefore hold that "joinder of a new defendant, in addition to the original defendant, does not relate back." *Id.*; *see also Onan v. County of Roanoke,* 52 F.3d 321 (4th Cir. 1995) (unpublished) ("Rule 15(c)(3) permits a plaintiff to name a new defendant *in place of* an old one, but does not permit a plaintiff to name a new defendant *in addition to* the existing ones.") (emphasis in original); *Leitch v. Lievense Ins. Agency, Inc. (In re Kent Holland Die Casting & Plating, Inc.),* 928 F.2d 1448, 1449 (6th Cir. 1991) (Sixth Circuit precedent "holds that an amendment which adds a new party creates a new cause of action and there is no relation-back to the original filing for purposes of limitations."); *Smart v. Ellis Trucking Co.,* 580 F.2d 215, 218 (6th Cir. 1978) ("amendments which add a party to the original suit cannot relate back for limitations purposes"); *In re Vitamin C Antitrust Litig.,* 995 F.Supp.2d 125, 129–31 (E.D.N.Y.2014) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning the proper party's identity.' As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases.... In an 'additional party' case like this one, there generally will be no 'mistake concerning' the proper party's 'identity.' "); *Jadco Enters., Inc. v. Fannon,* No. CIV.A. 6:12–225–DCR, 2013 WL 6055170, at *5 (E.D.Ky. Nov. 15, 2013) (citing *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318 (6th Cir. 2010)) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Miracle of Life, LLC v. N. Am. Van Lines, Inc.,* 368 F.Supp.2d 499, 502 (D.S.C.2005) (observing that the plain language of Rule 15(c)(3) only contemplates relation-back when a new party is substituted for an existing party, and finding that to be the clear precedent in the Fourth Circuit).
Smith v. Wells Fargo Bank, N.A., No. 2:15-CV-54-MHT, 2016 WL 2601651, at *6 (M.D. Ala. Apr. 14, 2016), report and recommendation adopted sub nom. Smith v. Wells Fargo Bank Nat'l Ass'n, No. 2:15CV54-MHT, 2016 WL 2620511 (M.D. Ala. May 3, 2016), judgment entered, No. 2:15CV54-MHT, 2016 WL 1983689 (M.D. Ala. May 3, 2016).

defendants named in the First Amended Complaint except PJ United. Because he has never consented to seek FLSA remedies against any party defendant other than PJ United and because he states no new claim against PJ United in his First Amended Complaint, there is no need for the FLSA claim in Sullivan's First Amended Complaint to relate back to the same claim brought against the same defendant in the Complaint.

4. <u>Sullivan's Old Claims Against New Defendants are Facially Time Barred</u>.

Sullivan alleges in his First Amended Complaint that he "was employed by Defendants as a delivery driver from approximately May 2008 through November 2009 and November 2010 through January 2012 their {sic} Papa John's stores {sic} located in Northport, Alabama. Plaintiff's consent to pursue a claim under the FLSA was attached to Plaintiff's original complaint." (Doc. 58, para. 16). This allegation mirrors the allegation in his Complaint. (Doc. 1, para. 7).

Sullivan has filed a consent to seek wages only against PJ United. Even if Sullivan had filed a consent to be a party plaintiff with regard to Stephens and the added defendants on the same date he filed the First Amended Complaint, those claims would be due to be dismissed under Rule 12 of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted because such a consent to sue would have been facially time barred. Again, though,

Sullivan has not consented to being a party plaintiff with regard to Stephens or the added defendants.  Because Sullivan cannot now timely consent to be an FLSA party plaintiff against Doug Stephens, PJ Cheese, PJ Louisiana, PJ Chippewa, Ohio Pizza Delivery, or PJ Utah (and has not filed a consent in this action to be bound by a judgment as to any of those defendants), Stephens, PJ Cheese, PJ Louisiana, PJ Chippewa, Ohio Pizza Delivery, PJ Utah must be dismissed from this civil action.

  5. <u>The First Amended Complaint States No Claim Within the Statutory Period</u>.

Sullivan alleges in his First Amended Complaint that he was last employed by "Defendants" in January 2012.  He does not allege that any "similarly situated" person was employed by any named defendants within the three-year period preceding the filing of the First Amended Complaint.  Therefore, any claim with regard to "similarly situated" people is due to be dismissed for failure to state a claim upon which relief can be granted.

<u>Conclusion</u>

James Sullivan consented on July 9, 2013 to seek unpaid wages under the FLSA only against PJ United by filing a consent in this civil action.   In doing so, he consented to be bound by a judgment of this Court only with regard to his claim for unpaid wages against PJ United.  Sullivan has never consented to be bound by

a judgment of this Court with regard to an FLSA claim against any other named defendant.  He is now time-barred from consenting to such a binding judgment arising from his employment with any named defendant (other than PJ United), which employment he alleges ended in January 2012.   All defendants other than PJ United are, therefore, due to be dismissed because Sullivan has not stated, and cannot state, a claim against them upon which relief can be granted.

There is no evidence that Sullivan's attorneys in this civil action were authorized by the individuals who signed Arbitration Consents to file the Arbitration Consents in this civil action, and in any event, the Arbitration Consents do not evidence the consent of any purported consenting person to be a party plaintiff in this FLSA action; nor do the Arbitration Consents evidence consent to be bound by a judgment of this Court.  The Arbitration Consents are due to be struck from the record in this case.

Sullivan's First Amended Complaint does not relate back to the filing of his Complaint and cannot be used as a mechanism to add defendants that he has not consented to sue; it cannot be used to assert facially time-barred claims; and it cannot be used to augment Sullivan's FLSA representative capacity, which capacity for purposes of an FLSA "similarly situated" analysis is being a party plaintiff seeking unpaid FLSA wages against PJ United for the three-year period

preceding the commencement in this action.  Based on the face of the Complaint, the First Amended Complaint, and the applicable statute of limitations, there can be no such consenting parties plaintiff.  Therefore, all named defendants other than PJ United are due to be dismissed for failure to state a claim upon which relief can be granted.  To the extent the other consents other than Sullivan's July 9, 2013 consent is not struck from the record, those consenting parties' claims are due to be dismissed for failure to state a claim upon which relief can be granted.

                                                /s/William K. Hancock
                                                William K. Hancock
                                                Attorney for PJ United, Inc. and Douglas Stephens (and all other defendants named in First Amended Complaint)

**OF COUNSEL:**
GALLOWAY, SCOTT, MOSS & HANCOCK, LLC
2200 Woodcrest Place, Suite 310
Birmingham, AL 35209
205.949.5580
205.949.5581 *fax*
Will.Hancock@gallowayscott.com



I hereby certify to the best of my knowledge that notice of filing has been sent to those who are registered participants in the electronic filing system as follows:

| | |
|---|---|
| W. Lewis Garrison, Jr.<br>William L. Bross<br>Brandy Robertson<br>Taylor C. Bartlett<br>Heninger Garrison Davis, LLC<br>2224 First Avenue North<br>Birmingham, AL 35203<br>wlgarrison@hdglawfirm.com<br>wlbross@hdglawfirm.com<br>taylor@hdglawfirm.com<br>brandy@hdglawfirm.com | Richard M. Paul III<br>Paul McInnes LLP<br>2000 Baltimore, Suite 100<br>Kansas City, MO 64108<br><br>Mark A. Potashnick<br>Weinhaus & Potashnick<br>150 Olive Blvd., Suite 133<br>St. Louis, MO 63141 |

                                             */s/ William K. Hancock*