| | |
|---|---|
| THE MATTER OF THE ARBITRATION BETWEEN | * AAA CASE NO.: 30 20 1300 0597 |
| | * |
| JAMES SULLIVAN ET AL, CLAIMANTS | * CLAIM: FAIR LABOR STANDARDS |
| | *     ACT - NOTICE OF COLLECTIVE |
| | *     ACTION ARBITRATION |
| AND | * |
| | * |
| | * CLAIMANTS: JAMES SULLIVAN AND |
| PJ UNITED, INC.; PJ CHEESE, INC.; | *     OTHERS |
| PJ LOUISIANA, INC.; PJ CHIPPEWA, LLC; | * |
| OHIO PIZZA DELIVERY CO.; PJ UTAH, LLC; AND | * |
| DOUGLAS STEPHENS, RESPONDENTS | * ARBITRATOR'S FILE NO: 2013-3341 |

## FOURTH INTERIM ORDER

ARBITRATOR: JACK CLARKE

FOURTH INTERIM ORDER DATE: NOVEMBER 11, 2015

APPEARANCES FOR THE PARTIES

**CLAIMANT**

Mark A. Potashnick, Esq., Weinhaus & Potashnick, St. Louis, Missouri
Richard M. Paul III, Esq., Paul McInnes, LLP, Kansas City, Missouri
Jack D. McInnes, Esq., Paul McInnes, LLP, Kansas City, Missouri
W. Lewis Garrison, Jr., Esq., Heninger Garrison Davis, LLC, Birmingham, Alabama
William L. Bross, Esq., Heninger Garrison Davis, LLC, Birmingham, Alabama
Brandy Robertson, Esq., Heninger Garrison Davis, LLC, Birmingham, Alabama
Taylor C. Bartlett, Esq., Heninger Garrison Davis, LLC, Birmingham, Alabama

**RESPONDENTS**

William K. Hancock, Esq., Galloway, Scott, Moss & Hancock, LLC, Birmingham, Alabama

## PROCEDURAL HISTORY

The undersigned Arbitrator issued an Interim Order in this case dated December 12, 2014; a Second Interim Order dated March 30, 2015; a Memorandum Order and Summary of Management Conference dated May 1, 2015; and a Third Interim Order dated September 23, 2015. Those Orders are adopted by reference and incorporated herein as if set out in full at this point.

In the Third Interim Order, the Arbitrator, *inter alia*, granted Claimants' Motion for Conditional Collective Action with Certificate of Service dated April 28, 2015 in part and allowed Respondents to submit objections to the substance of the Notice of Collective Action Lawsuit proposed by Claimants at or before 5:00 p.m. ET on October 8, 2015. The Arbitrator subsequently received timely filed objections to the proposed Notice from Respondents and Claimants' Response to Respondents' Notice Objections with Certificate of Service dated October 12, 2015[1].

---

[1] Upon submitting their objections, Respondents noted: "By making these comments, no PJ party is waiving any objection to any aspect of any of the three interim awards or otherwise is agreeing to arbitrate collectively or participate in collective arbitration."

## DISCUSSION

The Arbitrator agrees with Respondents that in the circumstances of the present case, "arbitration" is more accurate than "lawsuit". The Arbitrator has therefore changed "lawsuit" to "arbitration" where the former appeared in Claimants' proposed Notice. The approved Notice of Collective Action Arbitration appears as Attachment A to this Fourth Interim Order.

The Arbitrator agrees with Respondents that inclusion of "Douglas Stephens" in the Notice may be confusing if not misleading and has deleted it from the Notice proposed by Claimants, except in the paragraph beginning "A delivery driver", where its inclusion is appropriate. (The Arbitrator has also corrected the spelling of Mr. Stephens' last name.)

The Arbitrator agrees with Respondents that Paragraph 13 of the proposed Notice should be amended and has done so in Attachment A to this Fourth Interim Order. As amended, Paragraph 13 adequately advises potential claimants of their right to independent counsel.

Respondents have cited no authority for the proposition that an FLSA claim cannot be settled in arbitration. Indeed, if an arbitration agreement does not afford an arbitrator the same power a judge would have to enforce a statutory claim, enforcement of the arbitration agreement is inappropriate; *see Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991); *see also, Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001). In the present case, the United States District Court for the Northern District of Alabama, Western Division, has referred the claims involved here to arbitration. Therefore, the Arbitrator must assume that he has all the power necessary to resolve and if appropriate enforce those claims.

Respondents' recommendation that references to Claimants' counsel should be deleted is not persuasive; see the cases cited in Claimants' Response to Respondents' Notice Objections with certificate of service dated October 12, 2015 at part B 1.

The Arbitrator will not adopt Respondents' recommendation that the Notice of Collective Action Arbitration advise potential claimants that they cannot recover for underpayments that pre-date June 30, 2012. Respondents have cited no authority for the suggestion, and on its face the suggested advice is more likely to cause confusion than provide helpful guidance.

Respondents have recommended deleting from Claimants' proposed Notice the following sentence from Paragraph 8: "By joining this lawsuit, you designate the named Claimant as your representative, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Claimants' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit." The Arbitrator will not adopt the recommendation. Respondents have cited no authority for their recommendation. Moreover and perhaps more importantly, the statements set out in the sentence are factually correct; see the cases cited in Claimants' Response to Respondents' Notice Objections with certificate of service dated October 12, 2015 at part B 4. Deleting the sentence would likely mislead potential claimants regarding their rights.

Paragraph 14 of Claimants' proposed Notice adequately informs potential claimants of the manner in which Claimants' counsel will be paid and of their potential for incurring attorneys' fees if they elect to opt into the conditionally certified collective action.

The Arbitrator disagrees with Respondents' recommendation that Paragraph 15 of Claimant's proposed Notice be amended.

Respondents recommend that employees to whom the Notice of Collective Action Arbitration will be sent be advised "that by filing an opt-in they waive their right to arbitrate their claim in the community in which they work or worked and that by filing an opt-in they will be required to travel to Birmingham at their own expense to provide testimony." Adding such language would likely serve to discourage employees from opting in to an unreasonable extent. It is not likely that many claimants will be required to travel to Birmingham, Alabama at their own expense.

Respondents recommend that the Notice of Collective Action Arbitration advise employees to whom it will be sent "that if they opt-in to the arbitration an a final award, the entry of the award bars them from bringing any claim against their employer arising out of their employment other than the FLSA claim that has been adjudicated. In other words, we will not prospectively waive estoppel defenses, and employees should be advised accordingly but in plain English." Including such advice would be improper; see cases cited in Claimants' Response to Respondents' Notice Objections with certificate of service dated October 12, 2015 at B 8.

For the above reasons, the Arbitrator approves Claimants' Notice of Collective Action Arbitration as amended in Attachment A to this Fourth Interim Order.

## ORDER

Having heard or read and carefully reviewed the evidence and argumentative materials in this case and in light of the above Discussion, the Arbitrator approves Claimants' Notice of Collective Action Arbitration as amended in the Attachment to this Fourth Interim Order. The Arbitrator hereby authorizes Claimants to send that Notice to the current and former drivers identified in the Third Interim Order dated September 23, 2015.

Dated: November 11, 2015

Jack Clarke, Arbitrator
Athens, Georgia

ATTACHMENT A
TO THE FOURTH INTERIM ORDER DATED NOVEMBER 11, 2015
IN THE MATTER OF
JAMES SULLIVAN ET AL, CLAIMANTS
AND
PJ UNITED, INC.; PJ CHEESE, INC.; PJ LOUISIANA, INC.;
PJ CHIPPEWA, LLC; OHIO PIZZA DELIVERY CO.; PJ UTAH, LLC;
AND DOUGLAS STEPHENS, RESPONDENTS

AMERICAN ARBITRATION ASSOCIATION

**If you are or were a delivery driver employed by
PJ United, Inc.; PJ Cheese, Inc.; PJ Louisiana, Inc.;
Ohio Pizza Delivery, Inc.; PJ Chippewa, LLC, Inc.; or PJ Utah, LLC
between June 30, 2012 and September 23, 2015, please read this notice.
A collective action arbitration may affect your rights.**

*An arbitrator authorized this notice. This is not a solicitation from a lawyer.*

### NOTICE OF COLLECTIVE ACTION ARBITRATION

**TO:** [name]

Re: Arbitration Regarding Claims for Alleged Unreimbursed Expenses/Unpaid Wages

- **A delivery driver** has sued PJ United, Inc., PJ Cheese, Inc., PJ Louisiana, Inc., PJ Chippewa, LLC, Ohio Pizza Delivery, Inc., PJ Utah, LLC and Douglas Stephens (Respondents), claiming they failed to fully reimburse delivery drivers for automotive expenses, which has reduced the wages paid by Respondents to delivery drivers below the federal minimum wage. The suit has been referred to arbitration before Arbitrator Jack Clarke in Birmingham, Alabama.

- The Arbitrator has authorized mailing of this notice to current and former delivery drivers who worked for Respondents in the last three years.

- You have been identified as a person potentially eligible to join this arbitration.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS ARBITRATION | |
|---|---|
| ASK TO BE INCLUDED | If you choose to be included in this case, you have the possibility of getting money or benefits from a trial or a settlement of the federal wage and hour claim, and you give up any rights to separately sue Respondents about the same claim in this arbitration. <u>If you wish to be included, you must complete the Consent to Join form at the end of this Notice.</u> |
| DO NOTHING | If you choose not to join this arbitration, you will not be affected by any judgment or settlement rendered in this arbitration, whether favorable or unfavorable to the class. |

### 1. Why did I get this notice?

Records show that you currently or previously worked for one of the Respondents as a delivery driver. The Arbitrator has authorized mailing of this notice regarding a collective action arbitration that may affect you. You have legal rights and options that you may exercise in this case. The

More questions? Contact Jack McInnes at Paul McInnes LLP
Toll Free at 855-984-8100 or visit www.paulmcinnes.com

1

arbitration is titled *Sullivan v. PJ United, Inc., et al.*, Case No. 30 2013 000597, and is filed in the American Arbitration Association ("AAA").

### 2. What is this arbitration about?

In this arbitration, Claimant claims that Respondents failed to pay him and other similarly situated delivery drivers the minimum wage by not fully reimbursing them for automotive expenses. He claims that, after deducting vehicle expenses (and excluding tips), he and other delivery drivers were paid less than the federal minimum wage.

### 3. What is a collective action and who is involved?

In a collective action arbitration, one or more people sue on behalf of other people who have similar claims. The delivery driver who sued – and all those who return the attached Consent to Join form – are called the Claimants. PJ United, Inc., PJ Cheese, Inc., PJ Louisiana, Inc., PJ Chippewa, LLC, Ohio Pizza Delivery, Inc., PJ Utah, LLC and Douglas Stevens are called the Respondents. One Arbitrator resolves the issues for everyone who joins the case.

### 4. Why is this arbitration a collective action?

The Claimant who filed this arbitration alleges there is a group of "similarly situated" current or former delivery drivers employed by Respondents.

### 5. What is Respondents' position?

Respondents deny any wrongdoing or liability and vigorously contest all claims that have been asserted. Respondents assert that delivery drivers were always paid an hourly wage at or above the federal minimum wage, as well as vehicle reimbursements and tips.

### 6. Has the Arbitrator decided who is right?

The Arbitrator has not decided whether Respondents or the Claimants are correct. By authorizing this notice, the Arbitrator is not suggesting that the Claimants will win or lose the case.

### 7. What are the Claimants asking for?

Claimants are seeking to recover any unpaid minimum wages, or, in other words, the difference between what they were paid and the minimum wage. Claimants also seek "liquidated damages" in an amount equal to the unpaid wages and recovery of costs and attorneys' fees.

### 8. Can I join this arbitration?

You have been identified as potentially eligible to join this arbitration. Current and former delivery drivers who worked for Respondents from between June 30, 2012 and September 23, 2015 are eligible to join.

### 9. What happens if I join the arbitration?

If you choose to join this arbitration, and are ultimately determined by the Arbitrator to be a Class Member, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable, on the claim asserted. You will also be bound by, and will share in, to the extent appropriate, any settlement of the claim that may be reached on behalf of the Class. By joining this arbitration, you designate the named Claimant as your representative, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Claimants' counsel regarding payment of

attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this arbitration.

### 10. What happens if I do nothing at all?

If you choose not to join this arbitration, you will not be directly affected by any ruling, judgment or settlement, whether favorable or unfavorable. You should be aware that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, and delay in joining this case, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 11. How do I ask to be included in the case?

Enclosed is a form called "Consent to Join." If you choose to join this arbitration, **it is extremely important that you read, sign and promptly return the Consent to Join Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, return the Consent to Join Form to:

> PJ United Arbitration
> Paul McInnes LLP
> 601 Walnut Street, Suite 300
> Kansas City, MO 64106

If you prefer, you may return the signed Consent to Join form by email attachment to *[insert email address.]*

The signed Consent to Join form must be postmarked or emailed by *[insert a specific date that is 90 days from mailing]*. **If your signed Consent to Join form is not postmarked or emailed by *[insert a specific date that is 90 days from mailing]*, you may be prohibited from participating in this case.**

### 12. Do I have a lawyer in this case?

If you choose to join this arbitration you will be represented by Rick Paul and Jack McInnes of Paul McInnes LLP, Mark Potashnick of Weinhaus & Potashnick, and William Bross of Heninger Garrison Davis, LLC.

### 13. Should I get my own lawyer?

If you choose to opt-in to the arbitration by promptly returning a signed Consent to Join form, you do not need to hire your own lawyer because Claimants' counsel will represent you. However, you may obtain your own lawyer if you desire. If you obtain your own lawyer, you may have to pay that lawyer and will have to file your own separate arbitration.

### 14. How will the lawyers be paid?

The named Claimant has entered into a contingency fee agreement with Claimants' counsel, which means that if Claimants do not win, there will be no attorneys' fees chargeable to you. Under the fee agreement, in the event there is a recovery, Claimants' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the Class. Alternatively, the Arbitrator may be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Claimants, or may be ordered by the Arbitrator to be separately paid by Respondents, or may be a combination of the two. A copy

More questions? Contact Jack McInnes at Paul McInnes LLP
Toll Free at 855-984-8100 or visit www.paulmcinnes.com

3

of the contingency fee agreement executed by the named Claimant may be obtained on request from Claimants' counsel identified below.

### 15. Are there more details available?

If you have any questions or require additional information, please contact any of the following individuals who are counsel to the Claimants in this arbitration:

Jack McInnes, Attorney
Paul McInnes LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Toll Free: (855) 984-8100
mcinnes@paulmcinnes.com

Mark Potashnick, Attorney
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
(314) 997-9150 ext. 2
markp@wp-attorneys.com

**PLEASE DO NOT CONTACT THE AAA REGARDING THIS MATTER**

More questions? Contact Jack McInnes at Paul McInnes LLP
Toll Free at 855-984-8100 or visit www.paulmcinnes.com

4