IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES SULLIVAN, )<br>　)<br>　Plaintiff, )<br>　)<br>vs. )<br>　)<br>PJ UNITED, INC., *et al.*, )<br>　)<br>　Defendants. )<br>　)<br>　) | 7:13-cv-01275-LSC |

MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendants' Motion to Strike Consents and to Dismiss (Doc. 59). Plaintiff James Sullivan ("Sullivan") filed this case as a collective action against Defendants PJ United, Inc. ("United") and Douglas Stephens ("Stephens") on July 9, 2013, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  For the reasons stated below, Defendants' motion is due to be denied.

I.　BACKGROUND

On July 17, 2013, Defendants United and Stephens moved for a stay until arbitration was conducted according to a binding agreement between Sullivan and United. (Doc. 10.) United and Stephens also requested that Sullivan waive his right to proceed collectively under the

FLSA. Sullivan agreed to engage in arbitration, but refused to waive his right to pursue a collective action. (Doc. 14.) In an opinion and accompanying order dated September 10, 2013, the Court stayed the action pending arbitration, but held that the collective status of the action was an issue for the arbitrator to decide. (Doc. 21.)

On January 23, 2015, about a year and a half after the Court stayed the action pending arbitration, United and Stephens filed a Motion to Vacate Arbitration Award (Doc. 25), moving the Court to direct Sullivan to arbitrate his claims on a single claimant basis and enjoin him from arbitrating on a collective basis. Then, on April 8, 2015, United and Stephens filed another motion to Vacate Arbitration Award (Doc. 29), moving the Court to vacate the arbitrator's order adding Respondents PJ Cheese, Inc. ("PJ Cheese"), PJ Louisiana, Inc. ("PJ Louisiana"), PJ Chippewa, LLC ("Chippewa"), PJ Utah, LLC ("PJ Utah"), and Ohio Pizza Delivery, Co. ("Ohio Pizza") (collectively "PJ Entities") to the arbitration. The motion also reasserted United and Stephens's request that the Court require Sullivan to arbitrate the action as a single claimant.

The Court denied both of the Motions to Vacate, holding that United and Stephens did not have standing to assert the rights of PJ Entities, and that the arbitrator did not exceed his authority in allowing the arbitration

to proceed as a collective action. (Docs. 34 & 39.) United and Stephens promptly appealed the Court's denial of their first Motion to Vacate (Doc. 29). While the appeal was pending, on October 9, 2015, United and Stephens filed a third Motion to Vacate (Doc. 43), once more moving the Court to require the arbitration to proceed on a single claimant basis.[1] On July 12, 2016, the Eleventh Circuit affirmed the Court's denial of United and Stephens's Motion to Vacate, holding that the arbitrator was "at least arguably" interpreting the contract between the parties when it held that the arbitration should proceed as a collective action. (Doc. 52 at 4.)

On July 18, 2016, Sullivan filed a Motion to Lift Stay and to Grant Leave to File Amended Complaint, which this Court granted on August 10, 2016, finding that United and Stephens had waived their right to proceed in arbitration by failing to pay the arbitrator's fees. (Doc. 56.) The Court further gave Sullivan leave to amend the complaint to add PJ Entities as defendants, finding that "any delay or prejudice Defendants might claim is largely self-inflicted by their refusal to arbitrate this matter." (*Id*. at 11.) Sullivan promptly filed an amended complaint on August 16, 2016, adding PJ Entities as defendants. (Doc. 58.) Defendants then filed this

---

[1] The third Motion to Vacate (Doc. 43) was found to be moot on August 16, 2016.

motion, asking the Court to strike the opt-in consents that Sullivan filed in arbitration, and to dismiss all defendants other than United.

## II. DISCUSSION

### A. Opt-In Consents

Defendants move to strike the opt-in consent forms from hundreds of current and former employees of Defendants, which Sullivan first filed during the arbitration proceeding and then filed with this Court on July 18, 2016 (hereinafter "the consents"). (Doc. 53.) Under the FLSA, "[n]o employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Once those consents are filed, "opt-in plaintiffs . . . have the same status in relation to the claims of the lawsuit as do[es] the named plaintiff[]," because "plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). However, the two-year[2] limitations period for filing an FLSA action will continue to run for each opt-in plaintiff until his consent is filed with the court. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

---

[2] The limitations period is extended to three years for "willful violation[s]." 29 U.S.C. § 255(a).

Defendants argue that the consents are invalid because (1) they were executed for the arbitration proceeding and not the instant lawsuit, and (2) they were filed with this Court past the two-year statute of limitations. However, the Court "must interpret consent forms according to the plain meaning of their language." *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018 (11th Cir. 2007). The consents explicitly state that the opt-in plaintiffs "consent to seek unpaid wages against [Defendants] in this or any subsequent action." (Doc. 63-6.) Further, despite bearing "American Arbitration Association" in the heading, the consents mention "this lawsuit" twice, rendering Defendants' argument—that the opt-in plaintiffs did not consent to a lawsuit—impotent. (*Id.*)

Citing *Albritton*, Defendants argue that the "American Arbitration Association" and the arbitration case number in the heading should be enough to make these consents invalid. In *Albritton*, the court found the consents did not "carry over" from *Anderson v. Cagle's, Inc.* to *Albritton*. 508 F.3d at 1019. However, in *Albritton*, the court explained its reasoning by stating that "[i]t is not just that the . . . consents were captioned with the *Anderson* lawsuit style, but also that both specifically referred to that particular lawsuit and only that lawsuit. There was no attempt to . . . give a general consent for litigation of the claims in

whatever case might be filed." *Id.* at 1018. The *Albritton* court based its decision entirely on a plain reading of the consents filed in that action. *Id.* This Court must do the same, and read the consents' authorization of representation in "this or any subsequent action" to mean what it says—that the party plaintiffs agree to participate in the arbitration and subsequent actions.

Further, the Court notes that unlike in *Albritton*, Sullivan has not attempted to use the consents to file a separate lawsuit. *See Id.* Instead, Sullivan simply attempts to prosecute the action that he initially filed in this Court, but which was sent to arbitration upon the Defendants' motion. The Plaintiff filed these consents in the arbitration proceeding, where the action would have been resolved if the Defendants had not failed to pay the arbitrator. Therefore, the Court finds that these consents are effective for this action.

Further, the Court also finds that the opt-in plaintiffs' actions are not barred by the FLSA's two-year statute of limitations. A federal statute of limitations can be equitably tolled if plaintiffs were unable to comply with the statute "due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). For a limitations period to be equitably tolled, Plaintiff must show that

"extraordinary circumstances that are beyond his control and unavoidable even with due diligence" existed. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Here, Plaintiff has shown that the delay in filing the consents with this Court was "beyond his control and unavoidable," because, as stated above, the consents would have been timely filed if not for the Defendants' misconduct in demanding arbitration and then failing to pay the arbitrator.

Defendants led Sullivan to believe that the consents should properly be filed in the arbitration proceeding, and Sullivan immediately filed the consents with this Court after the termination of arbitration. Defendants cannot be allowed to take advantage of their misconduct and delay. Therefore, the Court will toll the statute of limitations from the time in which the consents were filed in the arbitration proceedings until they were filed with this Court on July 18, 2016.[3]

Defendants also move to dismiss opt-in consents because Sullivan has failed to show that they are similarly situated by not alleging that these opt-in plaintiffs worked for Defendants at the same time period that Sullivan did. However, Sullivan's burden for showing similarity at this point of the litigation is "flexible" and "fairly lenient." *Hipp v. Liberty*

---

[3] The Court notes that further disputes about timeliness and the statute of limitations are a matter for summary judgment.

*Nat. Life Ins. Co*, 252 F.3d 1208, 1218 (11th Cir. 2001). Sullivan has alleged that all of the opt-in plaintiffs held the same position at Defendants' stores, and that they were all reimbursed in the same way. The Court will not hold that Sullivan failed to meet his burden because he did not list the dates that each of the 770 opt-in plaintiffs worked for Defendants. As a result, Defendants' Motion to Strike Party Consents is denied.

    B. Addition of PJ Entities

Defendants claim that every party but United must be dismissed because Sullivan only filed a consent which named United as a defendant. While the Eleventh Circuit has not addressed if a named plaintiff must file a consent in order to take part in a collective action under the FLSA, § 216 states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). Further, § 256 states that an action commences under the FLSA "on the date when the complaint is filed, if [plaintiff] is specifically named as a party plaintiff in the complaint and his written consent . . . is filed on such date." 29 U.S.C. § 256(a). Sullivan filed a consent to be a party plaintiff when the action was filed, and in *Prickett*, the Eleventh Circuit made clear that "plaintiffs do not opt-in or consent

to join an action as to specific claims, but as to the action as a whole." 349 F.3d at 1297. Sullivan has consented to join this action and this Court granted him permission to amend his complaint to add PJ Entities as defendants on August 10, 2016. (Doc. 26.) The Court will not revoke that consent now.[4] Therefore, Defendants' motion to dismiss all defendants except United is denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Strike Consents and to Dismiss (Doc. 59) is DENIED.

**DONE** and **ORDERED** this 13th day of February 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
<span style="text-align:right">186291</span>

---

[4] Even if this Court were to hold that Sullivan was required to file a consent to sue the PJ Entities, the reasons used to toll the statute of limitations for the opt-in consents are applicable here as well. The statute of limitations for filing this action should equitably be tolled while the action was in arbitration, as Defendants moved to compel that arbitration and then failed to pay for the arbitrator.