FILED
2018 Sep-16 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# APPENDIX

The FLSA requires employers to pay their employees set minimum hourly wages. 29 U.S.C. 206(a). The FLSA allows employers to count as wages (and thus count toward the satisfaction of the minimum wage obligation) the reasonable cost of "furnishing [an] employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. 203(m). The FLSA regulations provide that "[t]he cost of furnishing 'facilities' found by the Administrator to be primarily for the benefit or convenience of the employer will not be recognized as reasonable [costs within the meaning of the statute] and may not therefore be included in computing wages." 29 CFR 531.3(d)(1). The FLSA regulations further provide examples of various items that the Department has deemed generally to be qualifying facilities within the meaning of 29 U.S.C. 203(m) (see also 29 CFR 531.32(a)), as well as examples of various items that the Department has deemed generally not to be qualifying facilities (see 29 CFR 531.3(d)(2), 29 CFR 531.32(c)).

Separate from the question whether items or expenses furnished or paid for by the employer can be counted as wages paid to the employee, the FLSA regulations contain provisions governing the treatment under the FLSA of costs and expenses incurred by employees. The regulations specify that wages, whether paid in cash or in facilities, cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally, or "free and clear." 29 CFR 531.35. Thus, "[t]he wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick-back' is made in cash or in other than cash. For example, if the employer requires that the employee must provide tools of the trade that will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." Id. The regulations treat employer deductions from an employee's wages for costs incurred by the employer as though the deductions were a payment from the employee to the employer for the items furnished or services rendered by the

employer, and applies the standards set forth in the "kick-back" provisions at 29 CFR 531.35 to those payments. Thus, "[d]eductions for articles such as tools, miners' lamps, dynamite caps, and other items which do not constitute 'board, lodging, or other facilities'" are illegal "to the extent that they reduce the wages of the employee in any such workweek below the minimum required by the Act." 29 CFR 531.36(b).

In sum, where an employer has paid for a particular item or service, under certain circumstances it may, pursuant to 29 U.S.C. 203(m), count that payment as wages paid to the employee. On the other hand, when an employee has paid for such an item or service, an analysis under 29 CFR 531.35 is required to determine whether the payment constitutes a "kick-back" of wages to the employer that should be treated as a deduction from the employee's wages.

The Arriaga court seems to have assumed that all expenses necessarily fall into one of these two categories—that either they qualify as wages under 29 U.S.C. 203(m) or they constitute a "kick-back" under 29 CFR 531.35. See Arriaga, 305 F.3d at 1241-42 (stating that if a payment "may not be counted as wages" under 29 U.S.C. 203(m), then "the employer therefore would be required to reimburse the expense up to the point the FLSA minimum wage provisions have been met" under 29 CFR 531.35 and 29 CFR 531.36). That is incorrect. For example, if an employer were to give an employee a valuable item that was not "customarily furnished" to his or her employees, the employer would not be able to count the value of that item as wages under 29 U.S.C. 203(m) unless the employer "customarily furnished" the item to his or her employees. Nevertheless, since the employee paid nothing for that item, it clearly would not constitute a "kick-back" of wages to the employer that would have to be deducted from the employee's wages for purposes of determining whether the employer met its minimum wage obligations under 29 U.S.C. 206(a). Similarly, if a grocery employee bought a loaf of bread off the shelf at the grocery store where he or she worked as part of an arms-length commercial transaction, the payment made by the employee to the employer would not constitute a "kick-back" of wages to the employer, nor would the loaf of bread sold by the employer to the employee be able to be counted toward the employee's wages under 29 U.S.C. 203(m). Both parties would presumably benefit equally

from such a transaction—it would neither be primarily for the benefit of the employer, nor would it be primarily for the benefit of the employee.

Expenses paid by an employer that are primarily for the employer's benefit cannot be counted toward wages under 29 U.S.C. 203(m). See 29 CFR 531.3(d). Similarly, expenses paid by an employee cannot constitute a "kick-back" unless they are for the employer's benefit. See 29 CFR 531.35. An analysis conducted under 29 U.S.C. 203(m) determining that a particular kind of expense is primarily for the benefit of the employer will thus generally carry through to establish that the same kind of expense is primarily for the benefit of the employer under 29 CFR 531.35. Each expense, however, must be analyzed separately in its proper context.